Filed 10/6/21 P. v. Barnett CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B309144 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA086630 |
| DUANE BARNETT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven D. Blades, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2010, a jury convicted defendant and appellant Duane Barnett of attempted murder and found firearm and gang allegations true. The trial court sentenced him to 40 years to life in state prison. In 2020, Barnett filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court summarily denied the petition, concluding Barnett was ineligible for relief as a matter of law because he was convicted of attempted murder, not murder. On appeal, Barnett argues reversal is required because the trial court erred in concluding section 1170.95 does not apply to individuals convicted of attempted murder. He also argues the court prejudicially erred by denying his petition without first appointing counsel. We reject these contentions and affirm the order denying Barnett's petition.

## PROCEDURAL BACKGROUND

In 2010, a jury convicted Barnett of attempted murder (count one; §§ 664/187, subd. (a)) and assault with a deadly weapon (count two; § 245, subd. (a)(2)). The jury found true firearm and gang allegations attached to counts one and two. (§§ 12022.53, subds. (b)-(d), 186.22, subd. (b) [count one]; §§ 12022.5, subd. (a), 186.22, subd. (b) [count two].) The trial court sentenced him to 40 years to life for the attempted murder conviction and sustained firearm and gang allegations, and stayed sentencing on count two under section 654.

In 2020, Barnett filed a petition for resentencing under section 1170.95. In his petition, Barnett requested that counsel

---

1    All undesignated statutory references are to the Penal Code.

be appointed on his behalf. Without appointing counsel, the trial court summarily denied the petition, concluding Barnett was ineligible for relief as a matter of law because he was convicted of attempted murder, not murder. The court further stated even assuming section 1170.95 applied to attempted murder, the Court of Appeal opinion affirming Barnett's judgment showed he acted with the premeditated intent to kill.

Barnett timely appealed.[2]

## DISCUSSION

### I. Governing Law: SB 1437 and Section 1170.95

The Legislature enacted SB 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A

---

2    We omit any recitation of the facts underlying Barnett's attempted murder conviction because they are not relevant to the issues presented in this appeal.

3

petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Subdivision (c) describes "only a single prima facie" stage of review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Under subdivision (c), "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Id.* at p. 966, fn. omitted.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis*, *supra*,

11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

## II. Section 1170.95 Does Not Apply to Barnett's Attempted Murder Conviction

The trial court was correct in concluding section 1170.95 does not apply to Barnett's attempted murder conviction. Section 1170.95, subdivision (a) allows persons "convicted of felony murder or murder under a natural and probable consequences theory" to petition the sentencing court to vacate their "murder conviction" under certain conditions. By its terms, this provision applies only to murder convictions and provides no relief from convictions for attempted murder. Courts are in agreement that the procedures in section 1170.95 do not apply to those convicted of attempted murder. (See, e.g., *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1112, review granted Nov. 13, 2019, S258175 (*Lopez*); *People v. Munoz* (2019) 39 Cal.App.5th 738, 753-768, review granted Nov. 26, 2019, S258234 (*Munoz*); *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 [agreeing with *Lopez* and *Munoz* that "the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."].) We see no reason to part ways with these courts.

Barnett contends "[i]t would lead to absurd results to give a defendant charged with murder the benefit of section 188, subdivision (a)(3), while denying that benefit to the less culpable

5

defendant convicted of a lesser offense." It is true that in extreme cases, "'"[t]he literal meaning of the words of a statute may be disregarded to avoid absurd results . . . ."'" [Citations.]' [Citation.]" (*People v. Bell* (2015) 241 Cal.App.4th 315, 351, fn. omitted.) However, providing one category of individuals certain benefits while denying those same benefits to a different category of individuals is not an absurd result.

Barnett similarly argues SB 1437 violates equal protection by benefitting those convicted of murder without extending the same benefits to those convicted of attempted murder. In order to succeed on his equal protection claim, Barnett must establish: (1) he is similarly situated to persons convicted of murder; and (2) there was no rational basis for the Legislature's decision to exclude people convicted of attempted murder from SB 1437's reach. (*Munoz*, *supra*, 39 Cal.App.5th at pp. 760-761.) *Munoz* rejected the same argument Barnett now raises. With respect to the first element, *Munoz* explained because murder and attempted murder are different offenses with different penal consequences, those convicted of attempted murder are not similarly situated to those convicted of murder for equal protection purposes. (*Ibid.*, citing *Lopez*, *supra*, 38 Cal.App.5th at pp. 1109-1111.) Regarding the second element, *Munoz* explained: "the Legislature could rationally have determined that extending Senate Bill 1437 relief to attempted murderers would put too great a strain on state resources, while resulting—in most cases—in insignificant decreases in the sentences served for attempted murder convictions. The Legislature could reasonably conclude its aims could be achieved by limiting relief to persons convicted of murder, but not attempted murder." (*Munoz*, at p. 765.) We agree with *Munoz* and other cases that have held SB

1437 does not violate equal protection. (See, e.g., *Lopez, supra,* 38 Cal.App.5th at pp. 1109-1112.)[3]

## III. The Failure to Appoint Counsel Was Harmless Error

Barnett next argues because he made a prima facie showing of entitlement to relief under section 1170.95, the trial court prejudicially erred by summarily denying his petition without appointing counsel. Barnett is correct that the trial court erred under state law by not granting his request to have counsel appointed. (*Lewis, supra,* 11 Cal.5th at pp. 966, 972-973.)[4] The question is whether that error was harmless. (*Id.* at pp. 973-974.) More specifically, the inquiry is whether Barnett can demonstrate ""'it is reasonably probable that if [he . . .] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing.'" [Citation.]" (*Id.* at p. 974.) We conclude Barnett cannot satisfy his burden of showing prejudice because, as discussed above, section 1170.95 does not afford relief to individuals convicted of

---

3    To the extent Barnett suggests the trial court's denial of his petition violated his constitutional due process rights, we reject this contention as well.

4    Barnett separately argues the trial court's summary denial of his petition violated his right to counsel under the federal and state constitutions, as well as under federal due process. The Supreme Court recently foreclosed Barnett's constitutional arguments when it held the failure to appoint counsel at the prima facie stage of a section 1170.95 hearing is error under state law only. (*Lewis, supra,* 11 Cal.5th at pp. 972-973.)

attempted murder. He is therefore ineligible for section 1170.95 relief as a matter of law, and the failure to appoint him counsel was harmless error.

## DISPOSITION

The order denying Barnett's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

8